**Pawan Pratap SONI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–72309.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2003.*

Decided Jan. 2, 2004.

Viney Gupta, Orange, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

BEFORE: BEEZER and KOZINSKI, Circuit Judges, and SCHWARZER,** Senior District Judge.

MEMORANDUM ***

Pawan Pratap Soni petitions for review of a decision of the Board of Immigration

---

* The panel unanimously finds this case suitable for submission without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publi-

Appeals ("BIA") affirming a denial of his applications for suspension and withholding of deportation and asylum.

■ (1) Soni asks that we remand the case to the BIA to allow him to present claims regarding his wife's immigration status and ineffective assistance of counsel that he failed to raise in his initial administrative appeal. We cannot require the BIA to hear Soni's new claims because we have no jurisdiction over claims that an immigrant fails to raise to the BIA. *See Vargas v. U.S. Dept. of Immigration and Naturalization,* 831 F.2d 906, 907–08 (9th Cir.1987).

■ (2) Soni asks that we reverse the asylum determination in light of "new" evidence. It is unclear whether he urges us to review new evidence never presented to the agency, or to reverse because the BIA did not properly account for evidence Soni presented to the BIA but not the immigration judge. In either case, his argument is unavailing. The former version of the argument fails because we have no authority to review evidence not presented to the INS; we may "decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A); *see also Gomez–Vigil v. INS,* 990 F.2d 1111, 1113 (9th Cir.1993) ("[W]e note that as a court reviewing a final order of an administrative agency we are not permitted to consider evidence that was not before the immigration judge or the Board. We are not permitted to consider evidence that is not part of the administrative record."). The latter version of the argument fails because the evidence Soni presented to the BIA does nothing to undercut the immigration judge's determination that Soni did not testify credibly about past persecution. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (the BIA's order must be upheld if supported by reasonable, substantial, and probative evidence in the record, and may be disturbed only if the alien establishes "that the evidence he presented was so compelling that no reasonable factfinder could fail to find [eligibility for asylum].").

**PETITION DENIED.**

---

cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

